ORIGINAL

# In the United States Court of Federal Claims

No. 13-593
(Filed September 5, 2013)

FILED
SEP 5 2013
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RICHARD E. SCHATZEL, et al.,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

This case is brought by one Richard Schatzel ("Schatzel"), who claims to bring this action on behalf of "[t]he United States, Richard E. Schatzel, [] *EX relatione*, Citizen of one of The United **States of America**, Private Attorney General." (emphasis in Complaint). The caption he provided this Court is "United States v. United States," and he claims that this action is "brought in the Public interest, by the people and for the people." He alleges that this action is brought "ultra virus [sic]."

### I. Standard of Review

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (*en banc*) ("[T]he pleadings of *pro se* litigants should be held to a lesser standard than those drafted by professional lawyers..."), *superseded by statute on other grounds as stated in Morgan v. Principi*, 327 F.3d 1357, 1359-60 (Fed. Cir. 2003).

However, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Moreover, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## II. Background

The factual allegations in the Complaint make clear that Schatzel failed the Florida Bar twice, in February and July of 2005. He sought extra time to take the Bar under the Americans with Disabilities Act but this request was denied. He alleges that he spent well over $100,000 in his pursuit of his license to practice law, though it is unclear if this total includes his undergraduate degree or if it refers only to the cost of attendance at an unnamed law school. Schatzel characterizes his attempts to take the Bar as contracts.

Schatzel still seeks to practice law. It appears that he has attempted to have his bar exam reviewed. He has evidently argued elsewhere (he doesn't make clear where) that the Administrative Procedures Act ("APA") governs the Florida Board of Bar Examiners (the "Board"). Schatzel further alleges that, after his APA argument failed with the Board, he filed suit in Florida and appealed his case all the way to the Florida Supreme Court. After the Florida Supreme Court refused to hear the case, Schatzel filed a petition for *certiorari* at the United States Supreme Court. The Supreme Court denied the petition.

Schatzel alleges that, after the Supreme Court denied his petition, he was "devastated not knowing what to do." After recovering from his devastation, Schatzel began to review his case and concluded that some expert testimony presented to the Florida Supreme Court was actually fraudulent. After another attempt to sway the Florida Supreme Court with this new legal argument, Schatzel contacted an unnamed Attorney General, who recommended that Schatzel file a complaint with his local Sherriff's Office. That complaint apparently led nowhere, prompting Schatzel to call the U.S. Supreme Court to attempt once more to orally persuade them to hear his case. The Supreme Court declined his invitation.

These facts have led Schatzel to conclude that the Florida Supreme Court has unlawfully expanded its jurisdiction to create a "state run employment agency" in violation of Article III of the United States Constitution and the Florida state constitution. He explains that he has brought his complaint to this Court because "[t]here are no readily ascertainable Rules to guide a plaintiff where to go in this situation… and there is no easy way to find relief."

All told, Schatzel presents claims for a Fifth Amendment taking—presumably based on the $100,000 expenditure he made to become a lawyer. He also believes that there is an illegal relationship between the Florida Supreme Court and the Board, whereby the Florida Supreme Court "contract[s] for exclusive employment within the state."

## III. Discussion

Whether a court has jurisdiction in a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Although *pro se* pleadings are

held to a less stringent standard than those drafted by a lawyer, *Haines*, 404 U.S. at 520, "a court may *not* similarly take a liberal view of ... jurisdictional requirement[s] and set a different rule for *pro se* litigants only." *Kelley*, 812 F.3d at 1380 (emphasis added).

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. § 1491 (2006). The Tucker Act limits this Court's jurisdiction to monetary claims "*against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract *with the United States*, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* at § 1491(a)(1) (emphases added). The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976) ("[T]he [Tucker] Act merely confers jurisdiction upon [this Court] whenever the substantive right exists."). Thus, a plaintiff's claim must be for money damages based on a "money-mandating" source of substantive law. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If it is not based on a "money-mandating" source of law, a plaintiff's claim lies beyond this Court's jurisdiction. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

Whether the Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), or the court proceeds sua sponte, the inquiry focuses on the court's "general power to adjudicate in specific areas of substantive law." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). In deciding whether to dismiss pursuant to RCFC 12(b)(1), the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Heinke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Although Schatzel's Complaint arguably encompasses defendants who are employees of the United States, *see* Complaint at ¶ 4 (listing numerous state actors as well as "each and every Court official who touched this case, or had any influence in same," which might encompass Supreme Court and Court of Federal Claims employees), nothing he has alleged with respect to the Federal Government can remotely be read as giving rise to a claim under any money-mandating source of law. All of the other allegations in Schatzel's Complaint—such as the alleged taking by the Board—are directed at state or private actors, and are therefore not "against the United States." Thus, all of the claims that can plausibly be read from the Complaint lie beyond this Court's jurisdiction.

### IV.    Conclusion

The Complaint fails to meet the jurisdictional requirements of this Court. Because Schatzel has failed to state a claim against the United States pursuant to a

3

money-mandating source of law, this Court lacks jurisdiction to hear his case. The Complaint is therefore dismissed and the Clerk is directed to enter judgment accordingly.

EDWARD J. DAMICH
Judge